IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Eric Whitney,<br>　　　　Plaintiff,<br><br>　　v.<br><br>FedEx Freight, Inc. and Christopher Tracy,<br>in his individual capacity,<br><br>　　　　Defendants. | Civil Action No. 3:19-cv-01118-JMC<br><br>**ORDER AND OPINION** |

This matter is before the court upon Plaintiff Eric Whitney's Motion to Remand (ECF No. 8) pursuant to 28 U.S.C. 1447(c). For the following reasons, the court **GRANTS** Plaintiff's Motion to Remand (ECF No. 8).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action on March 14, 2019, in the Lexington County Court of Common Pleas alleging wrongful discharge and defamation against Plaintiff's former employer, FedEx Freight, Inc ("Defendant" or "FXF") and defamation against Plaintiff's former employee, Christopher Tracy ("Tracy"), in his individual capacity (collectively, "Defendants"). (ECF. No. 1.)

Plaintiff was employed as a service center manager by FXF and at the time of his termination on July 24, 2018, he supervised Defendant Tracy, the Operations Supervisor at the same location. (ECF 1-1, ¶¶ 1, 11). In his Complaint, Plaintiff alleges that FXF wrongfully terminated him based on false accusations of "time clock tampering." (ECF No. 1 at 4, ¶ 9.) Plaintiff further asserts that "egregious defamation transpired following [his] termination." (ECF No. 1 at 7, ¶ 33.) Defendants removed this action on April 16, 2019. (ECF. No. 1.)

1

On April 29, 2019, following removal, Plaintiff timely filed his Motion to Remand, asserting that this court lacks subject matter jurisdiction because Defendant Tracy, like Plaintiff, is a citizen and resident of South Carolina. Defendants, however, contend that Tracy is fraudulently joined—named solely to prevent Defendants from claiming diversity jurisdiction—and thus, that removal was proper. Therefore, the relevant question before the court is whether Tracy is fraudulently joined such that this action may be maintained in federal court.

## II. LEGAL STANDARD

"[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In this case, Defendants allege that removal was proper because the district court had jurisdiction to hear Plaintiff's case under 28 U.S.C. § 1332. Under that statutory provision, federal district courts have jurisdiction over a case if the case involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant. *See e.g. Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999). Plaintiff and Tracy are both South Carolina residents. However, FXF contends that Tracy is fraudulently joined, and, therefore, that removal was proper.

"To show fraudulent joinder, the removing party must demonstrate either (1) outright fraud in the plaintiff's pleading of jurisdictional facts or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks omitted). "The party alleging fraudulent joinder bears a heavy burden as it must show that the

plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id*. "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id*. The plaintiff need not establish that he will ultimately succeed on his claims; "[t]here need be only a slight possibility of a right to relief." *Id*. at 425. In order to determine whether a pleading is fraudulent, the court is not bound by the allegations of the pleadings, but instead it may consider the entire record and may resolve the issue by any means available. *AIDS Counseling & Testing Ctrs. v. Gr. W Television, Inc.*, 903 F. 2d 1000, 1004 (4th Cir.1990).

### III. DISCUSSION

Defendants do not assert outright fraud in Plaintiff's pleading of jurisdictional facts, but rather argue that Plaintiff could not possibly establish a cause of action for defamation against Tracy in state court, so joining him to defeat jurisdiction was fraudulent.

"In order to prove defamation, the complaining party must show: (1) a false and defamatory statement was made; (2) the unprivileged statement was published to a third party; (3) the publisher was at fault; and (4) either the statement was actionable irrespective of harm or the publication of the statement caused special harm." *Fleming v. Rose*, 350 S.C. 488, 567 S.E.2d 857, 860 (2002) (citation omitted); *see also Murray v. Holnam, Inc.*, 344 S.C. 129, 542 S.E.2d 743, 748 (S.C. Ct. App. 2001) (citation omitted).

Here, Defendants contend that Plaintiff has failed to state that the statements were false as required by the pleading requirements. However, the court observes Plaintiff has alleged that Defendants published to third parties a false and defamatory statement about him, the statement was not privileged, and that the statement was actionable irrespective of harm.[1] The alleged

---

[1] Plaintiff alleges that "efforts by FedEx employees to defame [Plaintiff] amount to defamation

3

defamation occurred through "word and by act in falsely accusing him of embezzlement, incompetency in his job, for [Plaintiff] being the cause of FedEx employees needing restitution, and other false claims impugning [Plaintiff's] personal character and professional capabilities." (ECF No. 1 at 10, ¶¶ 52, 53, 54.) Specifically, Plaintiff has alleged that by "willfully ma[king] false statements about [Plaintiff] to fellow coworkers, to members of the public, and the public generally on social media" postings, Defendants published to coworkers, the public, and potential employers, that Plaintiff was being terminated for embezzlement. (ECF No. 1 at 10, ¶ 57.) Plaintiff additionally alleges that this information was published to third parties with malice. (ECF No. 1 at 10, ¶ 59) ("These false and pretextual statements were maliciously published by Tracy and FedEx agents and employees acting within the course and scope of their employment.").

Defendants also cite and seek to rely on multiple cases *dismissing* defamation actions where the plaintiffs failed to plead their claims with sufficient particularity. The court notes that the fraudulent joinder standard "**is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)**." *Hartley*, 187 F.3d at 424 (emphasis added). Indeed, the court is concerned with the propriety of joinder not with whether Plaintiff's defamation allegations meet the requisite specificity to survive a 12(b)(6) motion to dismiss. *See McDowell Pharmacy, Inc. v. W.Va. CVS Pharmacy, L.L.C.,* 1:11–CV–0606, 2012 WL 2192167, at *6 (S.D.W.Va. June 14, 2012) (motion to remand granted because "defendants' argument, if accepted, would conclusively establish that the Plaintiffs have no cause of action against *any* of the Defendants…the arguments are an attack on the merits of the Plaintiffs' claims

---

per se as it impugns his profession and accuses [him] of embezzlement. (ECF No. 1-1, ¶ 44). Such unceasing defamation has significantly harmed [his] reputation and subsequent employment efforts. (*Id*.).

4

as a whole, not on the propriety of the non-diverse defendants' joinder.") In either case, this too represents "a quintessential merits determination that belongs in the state court." *Smith v. SmithKline Beecham Corp.*, CIV. 11–56–ART, 2011 WL 2731262, at *5 (E.D. Ky. July 13, 2011).

Based on the record, the court finds that, with the benefit of discovery, there is "at least some possibility" that Plaintiff could establish his defamation claim against Defendants at trial. *Hartley*, 187 F.3d at 423. Because federal courts are courts of limited jurisdiction, if there is any doubt as to whether Tracy is an actual party in interest to this action, the matter should be remanded. *See Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F. Supp. 1104, 1106 (D.S.C. 1981).

The court re-emphasizes that the burden is not on Plaintiffs to show a great likelihood of eventual recovery from Defendants, but rather the burden falls to Defendants to show that Plaintiffs have no likelihood whatsoever of recovering from Tracy. *See, e.g., Marshall v. Manville Sales Corp.*, 6 F.3d 229, 233 (4th Cir.1993) ("The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor."). Therefore, at this juncture, the court cannot state that Plaintiff has "no chance of establishing the facts necessary to support [his] [defamation] claim [ ]." *Hartley*, 187 F.3d at 425. Accordingly, Plaintiff's allegations are sufficient for the court to find that Tracy was not fraudulently joined. *See McFadden v. The Pantry, Inc. et al.*, CA No.: 2:03–2702–12 (D.S.C. Nov. 11, 2003) (J. Houck) (holding that defendants in that case did not meet the heavy burden of proving fraudulent joinder when the complaint plainly alleged a defamation cause of action against the non-diverse defendant); *see also Montanaro v. State Farm Mut. Auto. Ins. Co.*, 29 F.

Supp. 3d 662, 667 (D.S.C. 2014).

## IV. CONCLUSION

After considering the allegations in the Complaint and resolving all resulting issues of law and fact in Plaintiff's favor, the court finds that Defendants have failed to carry their heavy burden to show fraudulent joinder. The court cannot state, as the standard requires, that Plaintiff's failure to plead their Complaint with greater particularity necessarily precludes the possibility of establishing a defamation cause of action against Tracy in state court. Having determined that remand is appropriate based on the defamation cause of action, the court declines to comment on the viability of Plaintiff's wrongful discharge claim against Defendants. To be clear, by no means does the court express an opinion regarding the merits of either of Plaintiff's claims against Defendants. The question of whether Plaintiff may or will ultimately prevail on any claim against Tracy, or any Defendant, is not presently before the court and is thus outside of the scope of this Order. The Court merely concludes that, when affording Plaintiff a standard of review more favorable than that applied to a motion to dismiss, it cannot find that Tracy is fraudulently joined as a defendant in this action. The court, therefore, **GRANTS** Plaintiff's Motion to Remand (ECF No. 8.).

The district court clerk is hereby directed to send the Order to the Lexington County Court of Common Pleas and provide copies to counsel.

**IT IS SO ORDERED.**

February 27, 2020
Columbia, SC

*J. Michelle Childs*

United States District Judge